CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 20 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| ALBERT WENDELL SWEENEY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00442 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. MULLINS, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Albert Wendell Sweeney, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Seeney alleges that the property officer at Red Onion State Prison removed certain pieces from Sweeney's television set and refuses to be financially responsible for having the TV set repaired or replaced. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. [1]

I.

Sweeney alleges the following sequence of facts from which his claims arise. On April 11, 2007, Keefe's Commissary issued Sweeney a five-inch CX-TV1 that he had ordered through the company several weeks earlier. The company put out a memo shortly after Sweeney's order, indicating that all black and white television models (also referred to as COBY units) would be no longer be available for inmates to order after March 22, 2007; Sweeney's TV was one of the discontinued models. On April 16, 2007, Sweeney sent Keefe's a request for a replacement for the TV, because it had malfunctioned. A replacement TV was sent and was issued to Sweeney from the prison's personal property department on May 31, 2007. Sweeney believes that someone in the property department damaged the battery compartment of the replacement TV in such a way that he was shocked whenever he touched the unit. He explained the damage in writing and in person to Lt.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Dockets.Justia.com

R. Rose. Ultimately, he was told that since the product had been discontinued by the commissary, he could not receive a replacement, but could only be reimbursed for the item.

Sweeney then complained to the property department about the mishandling of his TV. Sgt. M. C. Mullins responded that the property department did not damage the TV in the way that Sweeney described. The warden himself inspected the damage to Sweeney's TV, but did not offer any other solution. Sweeney then filed a grievance, demanding that the property department send out his TV unit for repairs at the department's expense. On behalf of the warden, an officer refused to comply with this demand and replied that Sweeney himself could send the unit out for repairs at his expense. Sweeney asserts that the damage to the TV must have been committed by a corrections officer, because Sweeney and the other segregation inmates at Red Onion cannot leave their cells except under guard and in restraints.

Sweeney asserts that Mullins must have damaged his TV, in violation of Sweeney's constitutional rights. Sweeney seeks damages in the amount of $40,000 to cover his troubles and expenses in seeking to have his TV repaired and in bringing this lawsuit.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As Sgt. Mullins was working for the VDOC when he allegedly damaged Sweeney's TV, he was acting under color of state law and is subject to suit under § 1983.

Allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Inasmuch as plaintiff possessed tort remedies under Virginia state law to recover the value of his lost property, see Virginia Code § 8.01-195.3, it is clear that he cannot prevail in a constitutional claim concerning the alleged property loss. Indeed, in this case, the commissary offered to reimburse

2

Sweeney for the cost of his TV. He has no constitutional right to receive a replacement or repairs instead of reimbursement. Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of September, 2007.

Senior United States District Judge